Opinion of the Court by
Judge Owsley.
Vance recovered judgement at law, upon a note which had been given by Brown to Armstead Morehead, and by Morehead assigned to Vance.
Morehead became insolvent, and Brown filed a bill in equity, with injunction, claiming various demands which he alleges were due and owing to him, by Morehead, when the note was assigned to Vance, and praying that those demands be set off against the judgment recovered by Vance.
Morehead and Vance were both made defendants to the bill, and each answered.
The deposition of Morehead was taken by Vance, and though objected to by Brown, on the hearing of the cause, was adjudged to be competent evidence, and a decree thereupon, pronounced in favor of. Vance.
The deposition ought, in our opinion, to have been rejected as incompetent evidence. The object of the deposition is to repel the equity set up by Brown, through the demands which he has against Morehead. by proving that those demands have been satisfied by other accounts and demands which Brown was owing Morehead. Morehead must, therefore, necessarily be interested in the matter, which his deposition was designed to establish. As assignor he is liable to Vance, in case Vance should fail to make the amount of his judgment against Brown, and the tendency of his deposition is to relieve himself from that liability by fixing upon Brown the payment of that judgment, it is true, that if Brown should not succeed against Vance, Morehead remains liable to him, for the demands sought in his bill to be set off against Vance, so time Morehead must in some degree be admitted to be interested on both sides. But his interest cannot be the same on each side, if the judgment of Vanee *419 is perpetually enjoined, Morehead becomes chargable to him, under his assignment, not only for the amount of that judgment, but also for the cost this contest, whereas if Brown fails in this contest, upon no principle can Morehead be charged with the cost. The interest of Morehead in the event of the contest must, therefore, be greater on the side of Vance than it can possibly be for Brown; and as such his deposition should have been excluded.
Mandate.
Crittenden, for appellant; Mayes, for appellee.
That deposition out of the way Brown’s equity is unquestionable. The answers impliedly admit the insolvency of Morehead, and except the demand as to the land, each of the demands set up in Brown’s bill, are sufficiently established to authorise an account to be taken, and the amount thereof to be applied in extinguishment of the judgment of Vance,
The decree must, consequently, be reversed, with costs, the cause remanded to the court below, and after the amount of the demands claimed by Brown,, except that which relates to the land, is ascertained', such a decree be there entered as may not be inconsistent with this opinon and the principles of equity.